**Steven Derrick IRVIN, Plaintiff–Appellant,**

v.

**D. ZAMORA; et al., Defendants–Appellees.**

No. 03–55856.
D.C. No. CV–99–02350 NLS.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided May 12, 2004.

Steven Derrick Irvin, Los Angeles, CA, pro se.

Atty. Gen. CAS, Randall A. Pinal, Deputy AG, Office of the California Attorney General, San Diego, CA, for Defendants–Appellees.

Before O'SCANNLAIN, RYMER, and BEA, Circuit Judges.

## MEMORANDUM***

Steven Derrick Irvin, a former California state prisoner currently incarcerated in Los Angeles County Jail, appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging deliberate indifference arising from his exposure to pesticide and the failure to treat his resulting injuries. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc), and we affirm.

The district court properly granted summary judgment on Irvin's claim that defendants Pyle and Alsip, state-employed vector control technicians, were deliberately indifferent to his health and safety because Irvin failed to provide objective evidence to counter defendants' evidence that it was virtually impossible for Irvin to have been "showered" by the pesticide in liquid form through a vent in his cell, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (explaining that a party cannot "rest on mere allegations or denials of his pleading" in opposing summary judgment), and he failed to raise a genuine issue of material fact as to whether Pyle and Alsip knowingly disregarded a substantial risk of serious harm, *see Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

The district court also properly granted summary judgment on Irvin's claim that defendants Blackman and Klipa, the nurse and medical assistant on duty, were deliberately indifferent to his serious medical needs because defendants' medical and technical evidence shows that Irvin did not have a significant medical need arising from exposure to pesticide when he reported to the medical clinic, or at any time thereafter, and Irvin provides no significant probative evidence to the contrary. *See Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir.2002) (noting that inmates must demonstrate that they were confined under conditions posing a risk of serious harm and that the officials knowingly denied proper medical care); *see also Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir.1988) (stating that a trial court can consider only admissible evidence in ruling on a motion for summary judgment).

We do not consider any contentions raised for the first time on appeal. *See Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir.1985).

Irvin's remaining contentions lack merit.

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.